1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    NEIL ADAMS McGINNIS,

8                          Petitioner,          NO:  13-CV-5114-TOR

9          v.                                   ORDER DISMISSING HABEAS
                                                ACTION
10   SUPERINTENDENT SINCLAIR,

11                          Respondent.

12

13        BEFORE THE COURT is Petitioner's First Amended Petition (ECF No 15).

14   Mr. McGinnis is proceeding *pro se* and *in forma pauperis;* Respondent has not

15   been served.  Petitioner is challenging his December 2012 Spokane County jury

16   conviction for Second Degree Burglary.

17        By Order filed November 13, 2013, the Court advised Mr. McGinnis of the

18   deficiencies of his initial petition (ECF No. 9).  Specifically, the Court directed

19   Petitioner to demonstrate that he has fully exhausted his state court remedies as to

20

ORDER DISMISSING HABEAS ACTION -- 1

each of his grounds for federal habeas relief.    After review of Petitioner's submissions, the Court finds that he has not satisfied the exhaustion requirement.

**ADDITIONAL DOCUMENTS**

On November 15, 2013, the Court received 56 pages of documents from Mr. McGinnis, citing to *Brady v. Maryland*, 373 U.S. 83 (1963) and complaining of "unauthorized surveillance prejudices" (ECF No. 10).    On January 14, 2014, Petitioner submitted a two page letter with 26 pages of attachments (ECF No. 11) and a Motion to Compel Discovery (ECF No. 12), which was heard without oral argument at the Court's discretion pursuant to LR 7.1(h)(3)(B)(iii), Local Rules for the Eastern District of Washington.

On January 15, 2014, the Court received an eight page letter dated January 3, 2014, which was apparently posted in Hartford, Connecticut, on January 13, 2014.  On January 17, 2014, the Court received a six page letter, plus 18 pages of attachments, (ECF No. 14), along with the amended petition (ECF No. 15).

Then, on January 29, 2014, the Court received additional documents from Petitioner addressed to the U.S. Marshal regarding "Surveillance." Included with these documents are a confused assortment of letters, requests and copies of magazine articles, cases, and grievances.  Because Mr. McGinnis did not comply with LR 10.1(a)(2), which requires that material be printed on only one side of the paper and because it appears that many of these items are exhibits unrelated to

Petitioner's habeas action, **IT IS ORDERED** the District Court Executive shall **RETURN without filing** the documents received from Mr. McGinnis on January 29, 2014.

As instructed in the November 13, 2013 Order, the Court will ***not*** entertain Mr. McGinnis' challenges to the conditions of his confinement in this habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (claims concerning the conditions of confinement are not cognizable on habeas review). The Court notes that Mr. McGinnis' claims of an elaborate electronic system, allegedly used to torture him, are substantially similar to those claims presented and deemed frivolous in cause number 11-CV-404-EFS.

Therefore, **IT IS ORDERED** the District Court Executive shall **STRIKE** ECF Nos. 10, 11, 13, and 14 from the record. In addition, the pending Motion to Compel Discovery (ECF No. 12) is **DENIED** as it is unrelated to Mr. McGinnis' habeas challenge to his 2012 Spokane County Burglary conviction.

## EXHAUSTION REQUIREMENT

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *Castille v. Peoples*, 489 U.S. 346 (1989). Exhaustion generally requires that a prisoner give the state's highest court an opportunity to act on his claims before he presents those claims to a federal

court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See Id* .; 28 U.S.C. § 2254(c).

Having liberally construed each of Petitioner's submissions, the Court finds that Mr. McGinnis has not exhausted his state court remedies. Indeed, State court records indicate, and Petitioner concedes, that his appeal of his Second Degree Burglary conviction is still pending in the Washington State Court of Appeals, Division III.

In an apparent effort to avoid the exhaustion requirement, Petitioner complains of "delays" in the processing of his direct appeal and asks this Court to intervene. Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003).

Every prong of the *Younger* abstention doctrine favors abstention in this case. There is an ongoing state criminal appellate proceeding. Petitioner has been convicted of Second Degree Burglary, a matter of state interest, and any

constitutional issues may be adequately litigated in the state appellate system.  In addition, Mr. McGinnis has the opportunity to challenge the fairness of his criminal trial through subsequent state and federal habeas corpus proceedings if necessary.  Therefore, this Court will abstain from intervening in any on-going state court criminal proceedings under *Younger v. Harris*, 401 U.S. at 53-54.

For the reasons set forth above and in the previous Order, **IT IS ORDERED** this habeas action is **DISMISSED without prejudice** to seeking appropriate state court remedies.  28 U.S.C. § 2254(b).

## REVOCATION OF *IN FORMA PAUPERIS* STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is satisfied when an individual "seeks appellate review of any issue not frivolous."  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis status*.  If Plaintiff wishes to pursue an appeal, he must pay the requisite filing fee.

**IT IS HEREBY ORDERED**:

      1.     **RETURN without filing** the documents received from Mr. McGinnis on January 29, 2014.

      2.     The District Court Executive shall **STRIKE** ECF Nos. 10, 11, 13, and 14 from the record.

      3.     The Motion to Compel Discovery (ECF No. 12) is **DENIED**.

      4.     This habeas action is **DISMISSED without prejudice.**

      5.     Petitioner shall file no further documents in this action, other than a timely appeal of this Order to the Ninth Circuit Court of Appeals.

      6.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

//

//

//

//

//

//

//

//

1    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

2    Order, enter judgment, forward a copy to Petitioner at his last known address and

3    close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3),

4    an appeal from this decision could not be taken in good faith, and there is no basis

5    upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.

6    App. P. 22(b).

7    **DATED** February 3, 2014.

8

9                                   THOMAS O. RICE
                                United States District Judge
10

11

12

13

14

15

16

17

18

19

20

ORDER DISMISSING HABEAS ACTION -- 7